## Ex Parte E. V. Smith.

### No. 1804. Decided February 1, 1899.

**1. Habeas Corpus—Order Refusing Relief—Statement of Facts.**

On appeal in a proceeding by habeas corpus, where there is no regular or agreed statement of facts, and the order of the court refusing the relief sought merely states that the parties agreed that the hearing be upon the application alone, this is not an admission that the recitations contained in the petition are true; and Held, this is a loose way of attempting to get before the court on appeal a statement of facts, and is not in accord with the statute and decisions. Citing Ex Parte Malone, 35 Texas Criminal Reports, 297.

**2. Same—Judgment for Contempt.**

Where a motion to punish for contempt recites the particular case in which the alleged contempt was committed, and further recites the nature of the contempt, it can be referred to in support and aid of the judgment. The order adjudging the contempt need not recite the offense where the latter is set forth with sufficient particularity in the affidavits and reports filed in the proceeding, and the order is connected therewith by sufficient reference.

**3. Same—Contempt.**

Where the order adjudging a contempt recites that relator pleaded guilty to the charge contained in the motion, the motion can be referred to to render the order certain as to the nature of the alleged contempt.

**4. Adjudication for Contempt—Sufficiency of.**

Where the order adjudging a contempt recited that the relator pleaded guilty to the allegations in the motion, which motion unquestionably recited the facts establishing a contempt of court, and the order adjudging the contempt assessed a fine of $100 and forty-eight hours in the county jail for contempt, but only committed to jail in default of payment of the fine, and there was no commitment as to the forty-eight hours imprisonment, Held, this did not render void that portion of the said order making an adjudication as to the fine and costs.

**5. Same.**

Where there was, in the order of the court, a specific adjudication as to the fine and costs, and the defendant was remanded to jail "to await the further order of this court or such fine and costs are paid in full," Held, a fair construction of the language here used is that the party was entitled to be enlarged on the payment of said fine and costs, and that if said fine and costs should not be paid, the court, notwithstanding his failure to pay, might enlarge him.

**6. Same—Order Remanding to Jail.**

Where an order in committing a party to jail uses the word "remand," this contemplates that applicant was brought before the court from jail and was returned thereto, and is a sufficient commitment to jail.

APPEAL from the District Court of McLennan. Tried below before Hon. John M. Furman, of the Twenty-seventh Judicial District, by exchange.

The opinion states the case.

*Samuel H. Clayton,* for relator.—The court erred in refusing to discharge relator, because the entire judgment under authority of which relator is confined is void, in that what purports to adjudge and order is not based upon any finding of the court rendering it. Freem. on Judg., secs. 21a, 50d, 51, 52; 1 Black Judg., secs. 114, 115; Hamilton v. Ward, 4 Texas, 356; Fitzgerald v. Evans, 53 Texas, 461; Mayfield

v. State, 40 Texas, 289; Anschincks v. State, 43 Texas, 587; Hanks v. Thompson, 5 Texas 11; Cook v. Hancock, 20 Texas, 2.

The court erred in refusing to discharge relator, because the same entire judgment is void, in that the case being a constructive contempt, said judgment fails to recite the facts for which applicant was charged for contempt of court, and while said judgment recites that defendant "pleaded guilty to the charge contained in the motion herein," there is no connection appearing between the said judgment and the "motion" mentioned. 4 Encyc. of Pl. and Prac., 797, 798, and notes; Fisher v. Hayes, 6 Fed. Rep., 63; Ex Parte Robertson, 27 Texas Crim. App., 628; Thompson v. Griffis, 19 Texas, 115; Hamilton v. Ward, 4 Texas, 356.

The court erred in refusing to discharge relator, because said judgment does not appear to be final, but remands the contemnor to jail "to await the further order of the court," and the said judgment was made without and beyond the power of the court to render it, in that the imprisonment of relator is terminable upon the arbitrary will of the court.

The court erred in refusing to discharge relator, because said alleged judgment showing defendant to have been present fails to order a commitment of the relator in default of payment of fine and costs, as provided by law, but the court remanded relator, whereas such remanding is without the power of the court except when further and future proceedings are to be had. Code Crim. Proc., art. 845; Want v. State, 14 Texas Crim. App., 24; Braden v. State, 14 Texas Crim. App., 22; Heatherly v. State, 14 Texas Crim. App., 21; Terry v. State, 17 S. W. Rep., 1075; 1 Bish. Crim. Proc., secs. 1301, 1308; 4 Encyc. Pl. and Prac., 817; Ex Parte Kirby, 34 S. W. Rep., 635, 962; Black Law Dict., titles "Remand" and "Commitment;" Anderson Law Dict., titles "Remand" and "Commitment."

The court erred in refusing to discharge the relator, because said alleged judgment is too indefinite and uncertain to warrant any imprisonment thereunder. 1 Bish. Crim. Proc., secs. 1308, 1309; O'Rourke v. Cleveland, 49 N. J. Eq., 577; Stafford v. King, 30 Texas, 257; Campbell v. Townsend, 26 Texas, 511; 4 Encyc. Pl. and Prac., 817.

The court erred in refusing to discharge appellant, because the motion in the contempt proceeding, if it can be considered a part of the proceedings in contempt—which appellant denies—does not show facts sufficient to constitute a contempt of court, in this: said motion fails to charge that at the time defendant passed a note to one of the jurors a verdict had not been rendered by the jury, but such charge is entirely left to inference.

The gist of the contempt attempted to have been charged in this case was that defendant's attempt and intention to influence the jury must have been made before a verdict was rendered, and this must appear by direct allegation.

That a court in a habeas corpus proceeding has the right to inquire

into the fact whether or not a contempt was committed in the committing court can not be denied. 4 Encyc. Pl. and Prac., 817, and note; State ex rel. Hero, 36 La. Ann., 352; Ex Parte Adams, 25 Miss., 883; Ex Parte Krieger, 7 Mo. App., 367; Ex Parte Summers, 5 Ired. (N. C.), 149; Ex Parte Lake, 40 S. W. Rep., 727; Ex Parte Kearby, 34 S. W. Rep., 635, 962.

*Robt. A. John,* for respondent.

HENDERSON, JUDGE.—Appeal from a habeas corpus proceeding before the District Court of McLennan County. There is no agreed statement of facts, nor any formal approval of any statement of facts by the judge. We quote from the order of the court disposing of the case, as follows: "Ex Parte E. V. Smith. January 5, 1899. On this day came the relator in person and by attorney, and also came the respondent by his attorney, Cullen F. Thomas, Esq., county attorney, and announced ready for trial. Both parties agreed that the hearing be had upon the application alone. After hearing the application read, and argument of counsel thereupon, it is the opinion of the court that relator is not entitled, under the facts and the law, to the relief prayed for." It will be noted that this order does not state that the parties agreed that the allegations of fact contained in the application for writ of habeas corpus were true. It merely states that both parties agreed that the hearing be upon the application alone. This apprehends that no formal answer was filed, but the parties proceeded to trial on the allegations of the petition alone,—not that it was admitted that the recitations of fact contained in the petition were true. This is a loose way of attempting to get before us a statement of facts, and is not in accord with the statute and the rule laid down by this court. See Ex Parte Malone, 35 Texas Crim. Rep., 297.

Concede, however, that the parties not only agreed to try the case on the application for writ of habeas corpus, but that they agreed that the recitations of fact in said application were true; then the question presented for our consideration is, does the proceeding before the judge who undertook to fine the relator for contempt of court show a valid and legal judgment for contempt? We quote the motion and order of the court in full, so that the exact question may be presented:

"*State of Texas, County of McLennan.*—Now comes the State of Texas by its county attorney, and respectfully represents to your honor that he is informed, does believe, and so charges, that on the 14th day of December, 1898, there was pending and on trial in your honor's court cause No. 1670, State of Texas vs. Andrew B. Thomas; that, said cause having been concluded, all the evidence introduced, arguments of counsel heard, and the charge of the court delivered, your honor instructed the jury to retire and consider their verdict; that your honor further placed said jury in charge of an officer of the court, with

instructions that they do not communicate with any person, and they permit no person to communicate with them, or either of them, in any way whatever, except in the presence of said officer; that said jury, it being then about 7:30 p. m., went to the restaurant for supper; that, while at said meal, one E. V. Smith did pass and give to a certain juror, to wit, W. B. McClure, a certain note in writing, in substance as follows: 'For God's sake, hold out for my friend, if possible,' signed, 'Smith;' that said note was so given, improperly, surreptitiously, corruptly, and with the intent on the part of the said E. V. Smith to unduly influence said juror in his verdict,—all in disobedience of your honor's instructions, in violation of the laws of the State governing the deliberations of juries, and in gross contempt of all the rules of court designed for the pure administration of justice. Wherefore the county attorney moves the court to issue its writ of attachment, immediately, for the said E. V. Smith, in terms of the law, and that he (the said E. V. Smith) be cited to appear before your honor's court at once, then and there to show cause why he should not be punished for contempt, under the statute in such cases made and provided.

(Signed)                    "CULLEN F. THOMAS, County Attorney."

Which said motion was on, to wit, December 22, 1898, heard by the court, with the result as shown by the order of the court, entered upon the minutes of said court, as follows: "Ex parte E. V. Smith. On this the 22d day of December, A. D. 1898, this cause being called, came the defendant, and pleaded guilty to the charge contained in the motion herein; and the court thereupon assessed a fine of one hundred dollars and forty-eight hours' confinement in the county jail, for contempt of court. It is therefore ordered, adjudged, and decreed by the court that the State of Texas do have and recover of and from the said E. V. Smith the said sum of one hundred dollars, together with all costs in this behalf expended, for which execution may issue. Further ordered that said defendant E. V. Smith be remanded to jail, to await the further order of this court, or said costs and fine are paid in full."

It is contended by applicant that we can only look to the alleged judgment, and can not recur to the motion in support thereof. We do not believe this contention is sound. Mr. Rapalje states the rule as follows: "It is held that the order adjudging the contempt need not recite the offense where the latter is set forth with sufficient particularity in the affidavits and reports filed in the proceeding, and the order is connected therewith by sufficient reference,"—citing Fisher v. Hayes, 6 Federal Reporter, 63. In regard to the connection between the motion and the order of the court, we think that is made evident. The motion to punish for contempt recites the particular case in which the alleged contempt should have been committed, and further recites the nature of the contempt; and it appears that the parties attempted to agree that the facts relating to the contempt recited in said motion (being a part of the application for writ of habeas corpus) were true.

The order following the motion shows that appellant pleaded guilty to the charge contained in the motion herein, etc. We hold that it is competent to recur to the motion as here presented to show the alleged contempt committed, and the order adjudicating the contempt can be rendered certain, as to the nature of the alleged contempt, by reference to said motion; and, when we refer to the motion as a part of the order, it will be seen that the contempt was of a most flagrant character, and is expressly made punishable by our Code of Criminal Procedure, articles 728 and 729.

It is further insisted by the applicant that the order or judgment in question is not a sufficient adjudication as for a contempt. It is insisted that there is no adjudication of contempt, nor is there any final order in the case, as it appears that something yet remains to be done by the court; that said order or punishment was in the alternative, in regard to the payment of the fine; and that there was no adjudication at all with reference to the forty-eight hours imprisonment. It will be seen in the first part of said order that appellant pleaded guilty to the allegations in the motion, which motion unquestionably recited, as stated above, a contempt of court. The court thereupon assessed a fine of $100 and forty-eight hours confinement in the county jail for contempt of court. Then follows the order of the court which relates solely to the fine. If it be conceded that there is no commitment as to the forty-eight hours imprisonment, still it does not follow that that portion of the order making an adjudication as to the fine and costs is therefore void. A reference to the order indicates that there is a specific adjudication as to the fine of $100 and the costs. In addition to this, the defendant was remanded to jail, "to wait the further order of this court, or such fine and costs are paid in full." We do not consider that the effect of this latter portion of the court's order, as is urged by applicant, was to remand applicant to jail until the fine and costs were paid, and, in addition thereto, to still hold him subject to the further order of the court. We think a fair construction of said clause means that the party was entitled to be enlarged on the payment of said fine and costs, and that, if said fine or costs should not be paid, the court, notwithstanding the failure to pay the same, might enlarge him. This effect would have followed without such recitation in the order, but was evidently put there for the benefit of applicant, in case he should be unable to pay said fine and costs in full. We further hold that the order complained of, by its recitations, commits the applicant to jail. The word "remand," in this connection, apprehends that applicant was brought before the court from the jail, and was remanded to jail until he had obeyed the order of the court with reference to the payment of the costs and fine.

With reference to the validity of the judgment, we refer to Code Crim. Proc., art. 845; Hamilton v. Ward, 4 Texas, 356; Fisher v. Hayes, 6 Fed. Rep., 63; People v. Pirfenbrink, 96 Ill., 68; Freem. on Judg., sec. 24; 4 Enc. Pl. and Prac., 897, 898; Rap., Contempt, p. 180.

There was no objection to the introduction in evidence of the writ of commitment, because it did not have a seal affixed thereto. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.