STATE EX REL. BREEN, RELATOR, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,291.)

(Submitted April 2, 1906. Decided April 11, 1906.)

*Contempt —Record—Sufficiency —Certiorari —Witnesses —District Judges.*

*Certiorari*—Contempt—Judgment—Record—Sufficiency.

1. Under Code of Civil Procedure, section 2172, an order declaring a person guilty of a direct contempt must recite the facts upon which the conclusion that the contemnor is guilty is based. The district court in an order adjudging an attorney at law guilty of such contempt merely recited that while the court was in session, the contemnor addressed it in an insolent manner and contemptuously attempted to call the presiding judge as a witness to prove certain scandalous matter. *Held,* on *certiorari,* that the order—the record of the case—was insufficient to meet the requirements of section 2172 *supra.*

*Certiorari—*Contempt—Record.
   2. On *certiorari* to review an order of the district court adjudging
one guilty of a direct contempt, the supreme court may not look beyond
the order adjudging the contemnor guilty—which constitutes the record
of the case (Code Civ. Proc., sec. 2172)—to determine from the facts.
whether, or not the judgment was proper.
Challenge to Panel—Witnesses—District Judges.
   3. *Obiter:* A judge of the district court may be called as a witness
when the regularity of the drawing of a jury in a criminal prosecu-
tion is questioned by a challenge to the panel, inasmuch as he orders
such drawing and directs the clerk during its progress (Code Civ.
Proc.; sec. 261), and under Penal Code, section 2038, both judicial
and ministerial officers whose irregularity is complained of, may be
called upon to testify.

CERTIORARI by the state, on the relation of Peter Breen,
against the district court of Silver Bow county and Michael
Donlan, a judge thereof, to review an order adjudging relator
guilty of contempt.   Order annulled.

*Mr. Jesse B. Roote,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,*
Assistant Attorney General, for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

*Certiorari* to the district court of Silver Bow county to re-
view an order adjudging Peter Breen, Esq., an attorney at law,
guilty of contempt.

On March 6th of this year there was on trial in department
3 of said court a cause entitled "*State of Montana* v. *Harry
Smith,*" the said Breen appearing as counsel for defendant.
During the progress of the trial, the court made and entered
the following order: "Whereas, the above-entitled court, on
the 6th day of March, 1906, was duly in session, the Honorable
Michael Donlan, Judge, presiding, and there was then and
there on trial before the said court a case entitled the '*State
of Montana* v. *Harry Smith,*' and whereas the above-named
Peter Breen, an attorney at law, and an attorney in the said
case, while the court was duly in session, knowingly and will-
fully addressed the court in a contemptuous, insolent, and

disrespectful manner, and in an insolent, contemptuous, and sneering manner called, and attempted to call, the said Honorable Michael Donlan, judge as aforesaid, to prove and attempted to prove by said judge certain scandalous matters, which the said Peter Breen alleged had transpired in the said court on a former occasion, and which allegations were made for the purpose of reflecting upon the honesty and judicial integrity of said judge and which did reflect upon the honesty and integrity of said judge, and thereupon the court then and there found, decided, adjudged, and decreed that the said Peter Breen was guilty of contemptuous and insolent behavior toward the judge of the said court, while holding the court, tending to interrupt the due course of a trial, and which did interrupt the due course of the trial of said cause, and immediately after so finding the said Peter Breen guilty then and there ordered, adjudged, and decreed, and sentenced that the said Peter Breen should pay a fine of five hundred ($500.00) dollars, and to be committed as required by law in a case of failure to pay the said fine. Now, therefore, it is ordered, adjudged, and decreed that the said Peter Breen forthwith pay the said five hundred ($500.00) dollars to the clerk of this court, and that in default thereof the said Peter Breen be committed to the county jail of said county until the said fine has been paid for at the rate of two ($2.00) dollars per day.'' Thereupon the present proceeding was brought to have the order annulled, for that it does not appear from the facts set forth therein that the court had jurisdiction to punish the relator.

Section 2170 of the Code of Civil Procedure declares disorderly conduct, contemptuous or insolent behavior toward the judge while holding the court, tending to interrupt the due course of the trial or other judicial proceeding, a contempt. Contempts may be direct or indirect. If direct—that is, in the immediate view and presence of the court or of the judge at chambers—they may be punished summarily. In such case the order or judgment of conviction must recite the facts upon which the conclusion or adjudgment that the contemnor is

guilty is based (Code Civ. Proc., sec. 2172), and this order or judgment constitutes the record of the case. If the contempt is indirect—that is, not in the immediate view or presence of the court or judge at chambers—before the court can acquire jurisdiction to punish it, an affidavit must be presented setting forth the facts constituting the contempt, and thereupon the court must hear proof.

The conviction here was for a direct contempt. The judgment, however, is wholly insufficient to meet the requirements of the statute. It does not contain, even by appropriate reference to the proceedings before the court, anything to show what the matters referred to as scandalous were, nor any fact tending to show what the manner of the relator was. It states conclusions and inferences only, drawn by the judge from the facts as they actually transpired, thus leaving this court no alternative but to accept these conclusions or to hold the order invalid. The purpose of the statute is to require the court to set forth the jurisdictional facts, so that the propriety of the judgment of conviction may be examined and reviewed. If adjudged sufficient as it stands, the order complained of would be conclusive upon this court, and review of it, as to the sufficiency of the facts to put the power of the court in motion, would be impossible.

In a given case, where the contempt consists in the manner or bearing of the contemnor, it may be difficult for the court to set forth the facts in any other form than by a shorthand rendering thereof, so to speak; but it is, nevertheless, necessary that the attendant circumstances be set forth, so that the propriety of the conclusion reached may be determined.

The relator has presented this case in his affidavit, upon the theory that this court may look beyond the order and determine from the facts whether or not the judgment of the district court was proper. In such case, however, we may not look beyond the contents of the order itself.

It appears from the facts stated in the petition that at the time the order was made counsel were about to enter upon the selection of a jury to try the case of *State* v. *Smith,* and that the

relator offered a challenge to the panel, accompanied by a written offer to prove the facts therein stated, and giving a list of the witnesses whose testimony he would offer, including, among others, the judge himself. The court evidently proceeded upon the theory that the relator had no right to present the challenge, or, if he had, to call the presiding judge as a witness to establish the truth of the facts therein stated, and was of the opinion that the whole proceeding was not warranted by law, especially the offer to call the judge as a witness. We remark that, if such was the theory of the court, it was wholly wrong, because a party has a right to challenge a jury on the ground of a material departure from the law in respect to the drawing and return thereof, or on the ground of the intentional omission of the sheriff to summon one or more of the jurors drawn (Penal Code, sec. 2034) ; and where the facts stated as the grounds of the challenge are denied by the adverse party the court must proceed to try the question of fact thus presented, and the officers, whether judicial or ministerial, whose irregularity is complained of, as well as any other persons, may be examined as witnesses. (Penal Code, sec. 2038.) The judge orders the drawing of the jury and directs the clerk during its progress. (Code Civ. Proc., sec. 261.) He may, therefore, be called as a witness when the question as to the regularity of the drawing is presented by a challenge. We shall not enter here into a discussion of this feature of the proceedings, since the record of them is not properly before us.

The order itself being insufficient to show that the court had jurisdiction to make it, it is void and must be annulled. It is so ordered.

*Order annulled.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN : I concur in the conclusion.