EX PARTE EUGENE AND ANTONIO OGDEN.

No. 1345. Decided October 18, 1911.

**Habeas Corpus—Contempt—Gaming—Commitment.**

Where the relator was enjoined by the District Court from engaging in certain games with cards in violation of law, and was fined for contempt for a violation of said injunction, and in default of the payment of the fine was committed to jail without a writ of commitment, he is entitled to a discharge on a writ of habeas corpus. Following Ex Parte Hawkins, 35 Texas Crim. Rep., 531, and other cases.

From Bexar County.

Original habeas corpus proceedings asking release from oral commitment in jail for contempt of court.

The opinion states the case.

*C. M. Chambers,* for relator.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—It appears that on the 6th day of June, 1911, the District Court of the 45th Judicial District entered an order enjoining and restraining the Gran Circulo de Obrereos, a corporation, M. G. Dena, F. Acosta, Antonio Ogden, Eugene Ogden, and Newton Zimmerman, from selling intoxicating liquors without a license, at 209-211 Santa Rosa Avenue, or any other place in Bexar County, and from conducting or permitting the playing of games with cards in violation of the law of the State of Texas, at said place, 209-211 Santa Rosa Avenue, in the City of San Antonio, or at any other place in Bexar County, Texas, and that thereafter, a motion was made to adjudge relators in contempt of that portion of said order which enjoined the said relators from conducting or permitting the playing of games with cards in violation of the law at said 209-211 Santa Rosa Avenue, or any other place in Bexar County, Texas, alleging that, notwithstanding said order and judgment, relators, on or about the 16th day of June and divers dates subsequent thereto, did conduct and permit games with cards in violation of the law of this State, to be conducted in Bexar County, Texas.

The testimony on said hearing would show that no game of cards was played at 209-211 Santa Rosa Avenue, but that relators did conduct and permit games of cards to be played in the building adjoining the above named buildings, to wit, at 207 Santa Rosa Avenue, and in a building on Monterey Street. The evidence would show that these relators vacated the buildings situated on 209-211 Santa Rosa Avenue immediately upon the entry of the judgment enjoining them

from conducting said business in said buildings, and moved, with all their paraphernalia, to 207 Santa Rosa Avenue, and engaged in conducting games with cards, such as poker, monte, etc.

The court hearing the motion, ordered relators confined in jail for three days and assessed against each of them a fine of $100, on the 26th day of June, 1911, adjudging them guilty of contempt of the orders of the court. On the said 26th day of June, 1911, relators swore out an application for a writ of habeas corpus, and on the 27th day of June, presented same to a member of this court, who ordered the writ to issue and made same returnable on the 4th day of October, when the court would be again in session.

In the application, relators say that no judgment or order was entered at the time they were ordered to jail, and at the time they were placed in jail, and no writ issued committing them to jail, or to pay a fine; that if said order had been entered it was void, as the court was without power to enjoin them from permitting or conducting games with cards at any place in Bexar County, and that his authority was limited to 209-211 Santa Rosa Avenue.

The evidence would further show that at the time relators were ordered to be placed in jail and pay said fine, no order was entered in the minutes of the court, but that same was a verbal order, and that no writ of commitment had been or was ordered to be issued; that same was not done until this court had granted the writ of habeas corpus, but that subsequent to that time, an order was entered adjudging them guilty of contempt, but no writ of commitment has ever been issued.

This question is fully discussed by this court in the cases of Ex Parte Hawkins and Kearby, 35 Texas Crim. Rep., 531, and Ex Parte J. C. Kearby, 35 Texas Crim. Rep., 634, and in those cases it is held that prior to the entry of the judgment, and prior to the issuance of the writ of commitment, the confinement would be illegal, and that the court was without power to order the issuance of such writ after this court had granted the writ of habeas corpus.

It appearing that no writ of commitment has ever been issued authorizing the sheriff to take charge of relators, but he did so only on a verbal order, under the authorities above cited, and cases therein cited, the detention and confinement of relators was illegal, and they are ordered to be discharged. As a court has jurisdiction over its judgment and decrees during the term, had the court required to be entered a judgment during the term, and a writ of commitment to issue during the term, a different question would have been presented, but inasmuch as no writ of commitment has ever been issued in the case, an officer is not authorized to commit to jail and hold a prisoner without being in possession of a writ authorizing him to do so.

Owing to this disposition of the case, it becomes unnecessary to

pass on the other questions presented in the application and brief herein filed.

Relators are ordered released and they are hereby discharged.

*Discharged.*

Davidson, Presiding Judge, absent.