### IN RE STABLER.

First Division.  Juneau.  July 8, 1924.

No. 1723–B.

**1. Contempt ⬥63(4)—Judgment Void for Want of Statement.**

The special assistant United States attorney, in the presence of a justice of the peace, said, "This man came in here to plead and now you are trying to persuade him not to do so; I will bring no more cases in this court." Opportunity having been given him to withdraw said remarks, which he did not accept, he was found guilty of contempt and fined $25, and ordered to be confined in jail till the fine was paid. On appeal to the district court, *held,* the order appealed from does not show facts sufficient to legally justify the judgment, the defect is jurisdictional, the order is void, and the defendant must be dismissed.

**2. Contempt ⬥2, 6, 52, 63(4)—Necessary Judgment Recitals—Practice.**

A contempt in the immediate view and presence of the court is what is commonly called a "direct contempt," and may be punished summarily. Where the contempt is not committed in the immediate view and presence of the court, it is known as a "constructive contempt." At common law, in the case of a direct contempt, it is necessary that the judgment recite the facts constituting the contempt; while in the latter case, that of a constructive contempt, the facts must be set forth in the affidavit, upon which, if sufficient, an order of citation would issue.

This matter comes before this court on appeal by the defendant Stabler from an order of the justice of Juneau precinct adjudging him guilty of contempt. The order appealed from is in the following terms:

"In the Matter of the Contempt of H. D. Stabler.

"H. D. Stabler, special assistant United States attorney, having this day in the presence of the court made remarks calculated to cast reflections on the honesty and integrity of the court, to wit: 'This man came in here to plead, and now you are trying to persuade him not to do so. I will bring no more cases in this court'—and the court having given said Stabler an opportunity to withdraw said remarks

and he having refused to accept said opportunity, it is ordered that said H. D. Stabler be fined for contempt of court, committed in the presence of the court, in the sum of $25, and that he be confined in the federal jail at Juneau, Alaska, until such fine is paid, not exceeding 10 days."

·At the time of hearing of the appeal, the defendant, appearing in propria persona, moved this court to quash, dismiss, and annul the order appealed from, alleging the order was insufficient and void at law, in that it does not appear therefrom that any contempt of said court or judge was made or intended, that the facts stated in the order do not constitute contempt, and that the order is not in compliance with chapter 58, Compiled Laws of 1913.

This motion to dismiss and quash the order was denied, and the hearing was ordered continued, and testimony was taken as to the circumstances and facts constituting the alleged contempt. At the conclusion of the testimony, and prior to the final submission of the case, defendant again urged the invalidity of the order on the grounds stated, and urged further consideration of his motion. Defendant thus preserving his objections to the original order, which go to the jurisdiction of the court entering the order, it is the duty of this court to give careful consideration to the same.

N. H. Castle, for the United States.

H. D. Stabler, of Juneau, in pro per.

REED, District Judge. It appears from the order itself that the charge was that of a direct contempt, as distinguished from a constructive contempt. A contempt in the immediate view and presence of the court is what is commonly known as a "direct contempt," and may be punished summarily. Where the contempt is not committed in the immediate view and presence of the court, it is known as a "constructive contempt." At common law, in the case of a direct contempt, it is necessary that the judgment recite the facts constituting the contempt; while in the latter case, that of a constructive contempt, the facts must be set forth in an affidavit, upon which, if sufficient, an order of citation would issue. See 4 Blackstone, 286; Ex parte Wright, 65 Ind. 508; Whittem v. State, 36 Ind. 211; Shore v. People, 26 Colo. 516, 59 P. 49; State v. District Court, 34 Mont. 107, 85 P. 870; Ex parte Smith, 40 Tex. Cr.

R. 179, 49 S. W. 396; Crites v. State, 74 Neb. 687, 105 N. W. 469; Ogden v. State, 3 Neb. (Unof.) 886, 93 N. W. 203.

This distinction between a direct and a constructive contempt is confirmed by our statute, in that it is provided (section 1443, Compiled Laws) that, when a contempt is committed in the immediate view and presence of the court, it may be punished summarily, for which an order must be made, reciting the facts occurring in such immediate view and presence of the court, determining the person proceeded against is thereby guilty of contempt, and, in section 1444, that in other cases, the proceedings must be initiated by an affidavit presented to the court upon which an order may be issued to show cause, or a warrant of arrest, and in such case testimony shall be adduced, as in criminal cases.

Based upon this statute, the defendant contended that the order is void, in that the contempt, if any was committed, was a proceeding in direct contempt, and must come under the provisions of subdivisions 1 and 2 of section 1441, Compiled Laws, which provides that the following acts or omissions in respect to a court of justice or the proceedings therein shall constitute contempt:

"(1) Disorderly, contemptuous, or insolent behavior toward the judge while holding court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"(2) A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding."

It is further urged by contemnor that the order must, under the statute, shows facts sufficient in themselves to satisfy the order of contempt; and, if the order does not show facts sufficient on which to base a judgment of guilty, the order is null and void.

These contentions on the part of the appellant at the hearing on appeal were overruled, for the reason that it was my view at the time of hearing that an appeal from the justice court brought the case before the court of appeal for a trial de novo, and the court should hear evidence as to what actually occurred at the time of the alleged contempt, and from the testimony thus taken and the record determine whether the justice was legally justified in entering the order.

A further consideration leads me to the conclusion that my

then view of the procedure was erroneous, and that the order itself must show facts sufficient to legally justify the same, and, if such facts are not shown in the order itself, the defect is jurisdictional, and the order void. See Ex parte Robinson, 19 Wall. 511, 22 L. Ed. 205.

In Hotaling v. Superior Court, 191 Cal. 501, 217 P. 73, 74, 29 A. L. R. 127, the Supreme Court of California, after citing many authorities, says in effect that contempt of court is a specific criminal offense, and not a civil action either at law or in·equity, but is a separate proceeding of a criminal nature and summary character, in which the court exercises but a limited jurisdiction. In a prosecution for constructive contempt, the affidavit on which the citation issues constitutes the complaint, and the affidavit of defendant constitutes the answer or plea, and the issues of fact are framed by the respective affidavits serving as pleadings, and a hearing must be had upon these issues.

In Ex parte Lake, 65 Cal. App. 426, 224 P. 128, a case of direct contempt, the District Court of Appeal of California, after referring to the cases considered by that court, uses the following language:

"The court was there considering a case of constructive contempt. The case before us is one charging a contempt committed in the immediate view and presence of the court. The difference is that in cases of constructive contempt an affidavit must be filed, containing a formal charge, upon which a hearing must be held, while in these cases the court may proceed summarily, without a charging affidavit. In the latter case the order of commitment must state the facts constituting the contempt (section 1211, Code Civ. Proc.), and, on review this order must bear the same scrutiny as is given the affidavit in the former case. There is no deviation from the rule that, unless the affidavit charging constructive contempt 'contains a statement of facts which shows on its face that a contempt has been committed, the court is without jurisdiction to proceed in the matter, and any judgment of contempt thereon is void.' * * * There is the same unanimity of opinion supporting the rule that in cases of direct contempt the order of commitment is void, 'unless it shows on its face acts· sufficient to constitute a legal contempt. The order must contain a statement of facts equivalent to those which the law says must be incorporated in an affidavit for constructive contempt, and such facts must prove the contempt. Mere conclusions are not sufficient.' * * * The proceeding being one of a criminal nature, a conviction of the offense can be supported only on a showing that the acts charged come within the definition of the offense. Contempt is defined in section 1209 of the Code of Civil Procedure. The only provisions of that section

which could be applicable here are those contained in the first sub-division: 'Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceeding.' "

This last case is directly in point on the question involved, based upon an almost identical statute with ours, and is supported by reason and a preponderance of authority, and therefore I must conclude that, unless the order shows on its face sufficient facts to constitute a legal contempt, the order is void.

Reaching this conclusion, it then becomes necessary to consider whether the order made by the justice in this case shows on its face facts sufficient to constitute a legal contempt of court; if it does not, the justice was without legal jurisdiction to enter it, and the order is void. If it does show sufficient facts, then the facts recited in the order must be taken as true, and the order should be affirmed.

In my opinion, the only section of our contempt statute that could apply to this order is the first subdivision of section 1441, Compiled Statutes, above referred to:

"Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding."

The order recites the language used by the contemnor, but it does not show that the language was used in a contemptuous or insolent manner, nor that, as used by the contemnor, it tended to impair the authority of the court, or interrupt the due course of the proceeding then pending, nor does it show that any proceeding whatever was pending. The language itself is not such as an attorney having due regard for the dignity of the court would have used, and it might be construed as contemptuous, if accompanied by a showing of facts of an insolent and contemptuous manner towards the court, tending to cast reflection on the integrity of the court, and thus impair his authority, or the authority of the court. Had the order stated that the remarks were made with an intention to cast reflections on the integrity of the court, and thus impair its authority, the order then might have been sufficient.

This action is in the nature of a criminal action, and, according to the authorities, the construction placed on words used by attorneys in actions of this kind, should be favorable to the defendant. In other words, if possible, such construction

should be given to the language used as would not, in itself, imply contempt, if such construction comports with the manner of the defendant in using the language.

The first sentence of the remark itself, while not couched, as I have said before, in respectful terms to the court, such as an attorney should use, purports to be a statement of the facts as they appeared to the attorney at the time, and it was probably spoken as a protest by the United States attorney against the procedure of the court. The last sentence might be construed as a reflection on the court or not, as it was viewed under the circumstances surrounding the incident. However, the remarks contained in the last sentence in no wise tended to impair the authority of the court, or to interrupt the due course of the trial. There is no finding that the remarks were made otherwise than respectfully or properly, or with an intention to reflect upon or give offense to the judge of the court. That the remarks reflected on the honesty and integrity of the court is a mere conclusion from the statement itself, and is not a fact sufficient to justify an order of contempt. It might be construed as a reflection on the honesty and integrity of the court, or otherwise, as might appear from the surrounding circumstances at the time.

In this connection, I cannot refrain from quoting the remarks of Mr. Justice Brewer, of the Supreme Court of the United States, in Re Pryor, 18 Kan. 74, 26 Am. Rep. 749:

"* * * An attorney is under special obligations to be considerate and respectful in his conduct and communications to a judge. He is an officer of the court, and it is therefore his duty to uphold its honor and dignity. * * * The independence of the profession carries with it the right freely to challenge, criticize, and condemn all matters and things under review and in evidence. But with this privilege goes the corresponding obligation of constant courtesy and respect toward the tribunal in which the proceedings are pending. And the fact that the tribunal is an inferior one, and its rulings not final and without appeal, does not diminish in the slightest degree this obligation of courtesy and respect. A justice of the peace, before whom the most trifling matter is being litigated, is entitled to receive from every attorney in the case courteous and respectful treatment. * * * A failure to extend this courteous and respectful treatment is a failure of duty; and it may be so gross a dereliction as to warrant the exercise of the power to punish for contempt. * * * It is so that in every case where a judge decides *for* one party, he decides *against* another, and ofttimes both parties are beforehand equally confident and sanguine. The disappointment, therefore, is great, and it is not in

human nature that there should be other than bitter feeling, which often reaches to the judge as the cause of the supposed wrong. A judge, therefore, ought to·be patient, and tolerant of everything which appears but the momentary outbreak of disappointment."

It is therefore ordered that the order for contempt, failing to recite sufficient facts to justify an order for contempt, be annulled.