## EX PARTE RALPH H. PALMATEER.

No. A-3370. Decided October 31, 1951.
(243 S. W., 2d Series, 160.)

*James E. Anderson* and *James E. Robinson,* both of Amarillo, for relator.

Before one may be legally incarcerated as for contempt there must be first a valid order and judgment finding the accused guilty of contempt and, based upon said judgment, a written commitment must be issued directing a named sheriff of a named county to confine the accused in a named jail. Ex parte Ogden, 63 Texas Crim. Rep. 380, 140 S.W. 344; Ex parte Kearby, 35 Texas Crim. Rep. 634, 34 S.W. 962; Ex parte McGrew, 102 Texas Crim. Rep. 105, 277 S.W. 699.

*James W. Witherspoon, Mel Ruth Aikin, John D. Aiken* and *Wayne Thomas,* all of Herford, for intervenors, Mrs. Della Light (the former Mrs. Della Palmateer) and her husband

Travis Light, intervenors. (These attorneys also submitted a brief on behalf of the three minor children of the Palmateers.)

The judgment of a court in a contempt proceedings is sufficient to commit a relator to jail. Ex parte Smith, 40 Texas Crim. Rep. 179, 49 S.W. 396; Brown v. State, 178 Okla. 506, 69 Pac. 2d 1208; White v. George, 195 Ga. 465, 24 S.E. 2d 787.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an original proceeding instituted in this court by Ralph H. Palmateer for a writ of habeas corpus releasing him from the restraint of an order of the District Court of Palmer County entered on May 28, 1951, adjudging him to be guilty of constructive contempt of that court for violating an order entered therein on July 15, 1941, in a divorce suit commanding him to pay $60.00 per month toward the support of his three minor children until each reached the age of sixteen years. It appears that a valid judgment of contempt was entered but that no written order of commitment or other type of warrant was ever issued and delivered to the sheriff. Relator was confined in jail from May 28, 1951, until this court recently ordered his release on bond, pending a decision on the merits of his application.

■ The question determinative of the case is whether a peace officer may legally imprison a citizen who has been adjudged to be in contempt of court when there has not been issued and delivered to such officer a writ of commitment authorizing him to do so. We have discovered but few authorities on this precise question. Most of the cases in this State dealing with the question in any way are decisions by our Court of Criminal Appeals, but, as held by this court in Ex parte Scott, 133 Texas 1, 10, 123 S. W. 2d 306, 311, 126 S.W. 2d 626, "Since contempt proceedings are essentially criminal in nature it follows that they should conform as nearly as practicable to proceedings in criminal cases."

■ An early decision which has been most frequently cited is Ex parte Kearby, 35 Texas Crim. Rep. 531, 634, 34 S. W. 635; id., 34 S. W. 962. In that case there was neither a written judgment of contempt nor a written commitment. In ordering the relator discharged the court stated: "Both of these steps should have been taken, and without both no court ought to be armed with the power to imprison a citizen, no matter what the contempt may have been." A number of later decisions have

cited and followed the decision in that case. In most of them there was neither a written judgment nor a written order of commitment. However, in Ex parte Alderete, 83 Texas Crim. Rep. 358, 203 S. W. 763, where there was a written judgment of contempt the relator was discharged because there was not issued and delivered to the sheriff a written commitment. In Ex parte Ogden, 63 Texas Crim. Rep.380,140 S. W. 345, the relator was imprisoned under a verbal order. Later, during the term the court entered a written order, but no written commitment was issued, and for that reason the relator was discharged. Upon the authority of those decisions we hold that relator's imprisonment is illegal.

In a brief filed here by next friend on behalf of the minor children it is stated that in the case of Ex parte Smith, 40 Texas Crim. Rep. 179, 49 S. W. 396, it does not appear that any commitment was ever issued, but the Court of Criminal Appeals held that the judgment in itself constituted a commitment. We do not so construe that opinion. In its concluding paragraph it states that "There was no objection to the introduction in evidence of the writ of commitment, because it did not have a seal affixed thereto."

■ In a brief filed in behalf of Charles Loveless, Sheriff of Palmer County, Ex parte Coward, 110 Texas 587, 222 S. W. 531, is relied upon in support of the proposition that relator was legally imprisoned. The argument is advanced that the decision by this court in that case forecloses this question. We do not so construe that opinion. While the question was not decisive of the case, the opinion expressed the view that the delivery to the sheriff of a certified copy of the judgment would serve as a legal commitment. An inspection of the record in that case reveals that a valid written order of contempt was entered in the case in which the facts were recited and the penalty of fine and imprisonment was clearly stated, following which the order itself recites:

"That a certified copy hereof shall be delivered to the sheriff of Bexar County commanding him to arrest the said R.A. Coward and place him in said county jail and confine him therein for a period of three days and until said fine of one hundred dollars shall be fully paid, and for so doing this shall be sufficient warrant and authority to said sheriff."

The question decided by this court in that case was not that a written commitment was unnecessary, but that the commitment delivered to the sheriff was sufficient. There is no par-

ticular form prescribed by law for a commitment, and what was held in that case was that a certified copy of a valid judgment of contempt delivered to the sheriff by order of the court, which order recited that same shall be sufficient warrant and authority to the sheriff, is a valid written commitment. We do not question the soundness of that holding, but we do hold that it has no application to this case.

The relator is discharged.

Opinion delivered October 31, 1951. No rehearing.