In The
Court of Appeals
For The
First District of Texas
_________________
  
NO. 01-03-00809-CV 
_________________
 
 
IN RE JIM GAWERC, Relator
 
 
                                                                                                                                    
 
 
Original Proceeding on Petition for Writ of Habeas Corpus
                                                                                                                                    
 
MEMORANDUM OPINION ON REHEARING
          Relator, Jim Gawerc, requests that we rehear his petition for habeas corpus
relief, and that we set aside our October 9, 2003 opinion denying habeas corpus relief
and order of commitment. The motion for rehearing is granted, our October 9, 2003
opinion, order of commitment, and writ of commitment are withdrawn, and the
following opinion is substituted for the withdrawn opinion. We deny habeas corpus
relief.
Background
          On July 20, 2001, as the culmination of a suit to modify the parent-child
relationship, the trial court signed an order (“July 20, 2001 modification order”) that
ordered relator to pay to real party in interest, Ingrid Philipson, retroactive child
support of $750, payable in three installments of $200 per month and a final
installment of $150. Additionally, the trial court ordered relator to post a $50,000
bond to secure his prompt payment of his child support obligation.
          On February 3, 2003, the trial court heard a motion for enforcement brought
by Philipson, and, by order signed February 18, 2003,


 (“February 18, 2003 contempt
order”) found:
Contempt Findings and Findings on Arrears
 
The Court finds that [relator] has failed to pay retroactive child
support as ordered to Ingrid Philipson in the amounts and on the dates
shown below:

 
ViolationDate DueDate PaidAmount DueAmount Paid
1.08/01/01None$200 000 00
2.09/01/01None 200 000 00
3.10/01/01None 150 000 00 . . . .
 
The Court finds that [relator] failed to post a bond in the amount
of $50,000 and did not furnish such bond by July 20, 2001 to Ingrid
Philipson at the offices of Earle S. Lilly, 1400 Post Oak Blvd, Suite 600,
Houston, Texas 77056 . . . .
 
The Court further finds that attorney’s fees of $2,400 should be
assessed against [relator].
 
Relief Granted . . . .
 
IT IS ORDERED that punishment for each separate
violation is assessed at a fine of $0 00 and confinement in the county jail
of Harris County, Texas for a period of 180 days.
 
IT IS THEREFORE ORDERED that [relator] is committed
to the county jail of Harris County, Texas, for a period of 180 days for
each separate violation enumerated above . . . .

          However, in the same February 18, 2003 contempt order, the trial court
suspended relator’s commitment as follows:
IT IS ORDERED that commitment is suspended and Respondent
placed on community supervision for a period of 180 days on the
following terms and conditions:
 
1.IT IS ORDERED that Respondent, Jim Gawerc, pay
$750.00, directly to Ingrid Philipson . . . before March 10,
2003 at 5 00 pm . . . .
 
2.IT IS ORDERED that Respondent post a cash or surety
bond in the amount of $50,000 . . . on or before March 10,
2003 at 9 00 am. . . .
 
3.IT IS ORDERED that Respondent pay . . . as attorney’s
fees $2,400 00, taxed as costs, to Glen Lilly . . . by 5 00
pm. On March 10, 2003.

          On June 5, 2003, Philipson filed a motion to revoke the suspension of relator’s
commitment, asserting that relator had violated the three conditions for the
suspension of his commitment, in that he had “fail[ed] or refus[ed] to pay the total
amount of child support, required attorney’s fees, [and] posting of a bond when due.” 
In the prayer of the motion to revoke suspension of commitment, Philipson requested
that relator be issued a notice to appear and “show cause why the Court should not
revoke [relator’s] suspension of commitment and impose the sentence assessed in the
February 18, 2003 court order.” (Emphais added). Later, in Philipson’s response to
relator’s habeas corpus petition before this Court, she stipulated that relator met the
first condition of payment of the $750 retroactive child support, but she did not
stipulate when he met it. 
          On August 4, 2003, after hearing, the trial court revoked the suspension of
relator’s commitment, finding that relator had failed to comply with the terms and
conditions of the February 18, 2003 contempt order, in that relator had not posted the
$50,000 bond and had not paid the $2,400 attorneys fees and costs to Philipson’s
attorney. With respect to the relief granted, the trial court stated in relevant part:
IT IS THEREFORE ORDERED that the suspension of Respondent[’s]
commitment to the Harris County Jail, originally imposed in the
February 18, 2003 order and suspended therein conditioned on
Respondent’s strict compliance with certain terms and conditions of
suspension of commitment, IS REVOKED, and Jim Gawerc,
Respondent, is committed to the County Jail of Harris County, Texas,
to serve, concurrently, a period of 180 days for each of 3 separate
contempt violations, from the date of commitment and continuing
thereafter, day to day.

(Emphasis added). 
ANALYSIS
          July 20, 2001 Void Bond Order Argument
          Relator asserted in his petition for habeas corpus relief that the order to post a
bond to secure child support contained in the July 20, 2001 modification order is void
because the trial court was without authority to issue it. He contends that he is
wrongfully incarcerated for not obeying this void provision. This, however,
overlooks the fact that in the February 18, 2003 contempt order, the trial court not
only held relator violated the July 20, 2001 modification order by not posting the
bond, but also by not timely paying each of three installments of retroactive child
support. In the February 18, 2003 contempt order, the trial court assessed relator 180-days of confinement for not posting the bond, but also 180-days confinement for each
of the three unpaid, retroactive child support payments. That relator later made the
payment of retroactive child support to Philipson would not nullify the trial court’s
three 180-day sentences for not timely making the ordered payments. See Cadle Co.
v. Lobinger, 50 S.W.3d 662, 667 (Tex. App.—Fort Worth 2001, pet. denied) (“In
criminal contempt proceedings, the court punishes the contemnor for improper past
acts, and no subsequent voluntary compliance can enable the contemnor to avoid
punishment.”). Relator does not challenge the retroactive child support order of the
modification order. Therefore, even if we were to hold the bond provision of the
modification order to be void, it would not help relator because it is undisputed that
on three occasions, he violated that part of the modification order ordering retroactive
child support payments, and that that part of the order is valid.
          Point for Rehearing One
          In his first point for rehearing, relator asks if in our October 9, 2003 opinion
we erred 
in remanding him to the custody of the sheriff to serve the criminal
contempt sentences assessed in the February 18, 2002 [sic] contempt
order for violating retroactive support, when the only sentences relator
was serving pursuant to the trial court were those found in the August
4, 2003 commitment order which assesses no punishment for violating
provisions of retroactive support.

          Relator is right that the August 4, 2003 commitment order assesses no
punishment for violating provisions of retroactive child support. However, it does
reinstate three 180-day sentences assessed in the February 18, 2003 contempt order
for not complying with the July 20, 2001 modification order. To determine that this
is so, one has only to remember that the August 4, 2003 commitment order revoked
the suspension of relator’s commitment, “originally imposed in the February 18, 2003
order,” and committed him to “serve concurrently, a period of 180 days for each of
3 separate contempt violations . . . .” (Emphasis added). The only “contempt
violations” found by the trial court in its February 18, 2003 contempt order are the
three, unpaid, retroactive child support payments (on 8/01/01-10/01/01), plus the
fourth contempt violation—the failure to post a bond. Thus, in the August 4, 2003
order revoking suspension and for commitment, the “3 separate contempt violations”
must refer to at least two of the failure-to-make-retroactive-child-support-payment
contempt violations


 found in the February 18, 2003 contempt order, each of which
carries a 180-day sentence as assessed by the trial court in the February 18, 2003
contempt order.
 
 
 
a. Effect of Placement of Commitment Language in August 4, 2003 
Commitment Order Rather Than in September 18, 2003 Contempt 
Order

          As a matter of due process, a person may not be imprisoned for contempt
without a written judgment of contempt and a written order of commitment. Ex parte
Puckitt, 322 S.W.2d 597 (Tex. 1959). In this case, the written order of contempt was
the February 18, 2003 contempt order ,and the written order of commitment was the
August 4, 2003 commitment order. A commitment order can be included in the
contempt judgment or stand as a separate document. Ex parte Crawford, 684 S.W.2d
124, 128 (Tex. App.—Houston [14th Dist.] no pet.) (citing Ex Parte Arapis, 306
S.W.2d 884, 886 (Tex. 1957)). There is no particular form required for a commitment
order. Crawford, 684 S.W.2d at 128 (citing Ex parte Palmateer, 243 S.W.2d 160,
161) (Tex. 1951)). Whether they are contained in one or two documents, the
contempt and commitment orders should be read together. Cf. Crawford 684 S.W.2d
at 128 (Fourteenth Court of Appeals held that when commitment order is based on
a finding of contempt and validity of commitment order is in question, commitment
order must be read in conjunction with the contempt order.) When the February 18,
2003 contempt order and the August 4, 2003 commitment orders are read together,
it is clear that the August 4, 2003 commitment order is reinstating three 180-day
punitive contempt sentences ordered, but suspended, in the February 18, 2003
contempt order. It is also clear that at least two of those sentences relate to relator’s
failure to timely make the retroactive child support payments, as ordered in the July
20, 2001 modification order.
          b. Effect of Section 157.166 of the Texas Family Code



          Next, under this point for rehearing, relator argues that, statutorily, the August
4, 2003 commitment order cannot support incarceration for not making the retroactive
child support payments because, contrary to section 157.166 of the Texas Family
Code, the August 4, 2003 commitment order contains no findings pertaining to
nonpayment of retroactive child support.
          The February 18, 2003 contempt order had already made the necessary section
157.166 finding that relator had not complied with the July 20, 2001 modification
order by not making the retroactive child support payments. Following the August
4, 2003 revocation hearing, the purpose of the August 4, 2003 order was to find the
ways in which relator had not complied with the terms and conditions of suspension
of commitment contained in the February 18, 2003 contempt order. See Ex parte
Gonzales, 606 S.W.2d 5, 6 (Tex. App.—Amarillo 1980, orig. proceeding) (held when
punishment has been suspended on condition of compliance with contempt order, trial
court must afford contemnor a subsequent hearing to determine breach of the
condition of suspension). Here, the trial court did this when it found that relator had
not posted the $50,000 bond and had not paid the $2,400 attorney’s fees and costs. 
          We overrule relator’s point for rehearing one.
          Point for Rehearing Two



          Under this point for rehearing, relator asserts that this Court’s October 9, 2003
opinion and order denying habeas corpus relief, without due process, imposed two
additional 180-day sentences on relator for failing to pay retroactive child support.
We dismiss this point for rehearing two as moot because we have withdrawn our
October 9, 2003 opinion, order of commitment, and writ of commitment.Conclusion
          We deny relator’s petition for habeas corpus relief and remand him to the
custody of the Sheriff.


                                                                                  Sam Nuchia 
                                                                                  Justice

Panel consists of Justices Nuchia, Higley, and Hedges.