## EX PARTE RUFUS RAY.

No. 9851.   Delivered October 21, 1925.

**1.—Habeas Corpus—Contempt Proceeding—Relator Discharged.**

Where the District Judge made a verbal order fining a witness, and sending him to jail until he should purge himself of contempt in refusing to answer a question of the grand jury, before whom he had appeared as a witness, and in reply to the question, where he had obtained certain whisky, replied that he did not know.

**2.—Same—Continued.**

Order having been made upon the Judge's docket of the proceedings and no entry made of same in the minutes of the Court, such verbal order is held unsufficient, and relator is ordered discharged.   See Ex Parte Kearby, et. al. 34 S. W. 962.

An original petition for Habeas Corpus, presented by relator in this Court, asking relief from a verbal order of the District Judge of Hopkins County, in contempt proceeding.

Relator was held in contempt for refusing to properly answer a question of the Grand Jury, and was by a verbal order of the District Judge, fined $100.00 and sent to jail until he purged himself of such contempt.

*Dial & Brim*, for relator.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an original application to this court for a writ of habeas corpus showing that the relator, Rufus Ray, is confined in the county jail of Hopkins County upon a verbal order of the district judge fining him one-hundred dollars for contempt of court and sending him to jail until he had purged himself of said contempt proceedings.

The record before us discloses that same took place during the August term of said district court which adjourned on October 3, 1925.   It appears that the appellant was taken before the grand jury at said term and inquiry made of him as to where and from whom he had obtained certain whiskey and he replied that he did not know the man's name and could not give the name of the party from whom he obtained same.   The grand jury caused him to be sent before the district judge and upon the same explanation he was fined and sent to jail as above stated.

The record conclusively shows that there was no order made upon the Judge's Docket of said alleged contempt proceedings nor was same carried forward into the minutes of said district court, but same was made verbally by the district judge and no orders of any kind were ever made in writing, concerning same during the term of said court. There is no answer to said application or contest made to same and we take it that said allegations and matters therein stated as shown by the record are binding upon this Court.

This court held in the case of Ex parte Kearby et al., 34 S. W. 635, and Ex parte Kearby et al., 34 S. W. 962, that the district judge had no authority to commit a person for contempt proceedings verbally and that it was necessary that said proceedings be reduced to writing and made a matter of record in said court.

From the facts above stated and the authorities cited, we are forced to the conclusion that the learned District judge was in error in this particular and that the relator should be, and is hereby discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.