## EX PARTE HENRY H. EAGER.

No. 17310. Delivered November 21, 1934.
Respondent's Rehearing Granted January 23, 1935.
Relator's Rehearing Denied February 27, 1935.

The opinion states the case.

*Ray Marshall* and *A. S. West,* both of San Antonio, for appellant.

*Hertzberg & Kercheville,* of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is an original application for a writ of habeas corpus by the relator seeking to be released from custody under a judgment for contempt.

It appears from the record that the commitment was issued on a mere verbal order of the judge. A district judge has no authority to commit a person for contempt on a mere verbal

order. It is necessary that the proceedings be reduced to writing and made a matter of record in the court. Ex parte Ray, 276 S. W., 709; Ex parte McGraw, 277 S. W., 699. See also 9 Texas Jur., 632.

It is ordered that the relator be discharged.

*Relator discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON RESPONDENT'S MOTION FOR REHEARING

CHRISTIAN, JUDGE.—Since the original opinion was rendered herein a supplemental transcript has been filed in this court showing that a judgment of contempt was duly entered in the minutes of the court prior to the issuance of the commitment. Under the circumstances, the case will be considered on its merits.

On the 12th of December, 1933, the grand jury of the 37th District Court of Bexar County returned an indictment against relator charging him with wilfully deserting his wife, Hilda M. Eager, and neglecting and refusing to provide for her support, she being in necessitous circumstances. On the 18th of December, 1933, relator's wife applied to the court for an order requiring relator to pay her ten dollars a week pending the trial of the cause. After a hearing the trial court entered an order finding relator's wife to be in necessitous circumstances and requiring relator to pay the amount of money requested in the application. The order of the court was complied with by relator until the 8th of March, 1934. On the 29th of January, 1934, while he and his wife were residents of Bexar County, relator went to the Republic of Mexico and filed a petition for divorce. His wife was served with copy of the petition in the City of San Antonio, Bexar County, where she resided. She filed no answer and did not appear in the court in Mexico at any time. On the 8th of March, 1934, the Mexican court entered a decree of divorce. From the date last mentioned relator made no further payments toward the support and maintenance of his wife. On the 14th of March, 1934, relator's wife filed a petition in the 73rd District Court of Bexar County, seeking to set aside the decree of divorce entered by the Mexican court. On the 6th of September, 1934, after relator had been duly served and had appeared and answered, the 73rd District Court entered an order holding the

divorce decree rendered by the Mexican court to be void and unenforceable. Within the time provided by law relator perfected his appeal from said order to the Court of Civil Appeals for the 4th Supreme Judicial District, where the appeal is now pending. He filed a supersedeas bond on the 25th of September, 1934.

On the 12th day of September, 1934, relator's wife filed a sworn petition in the 37th District Court of Bexar County averring that relator was in contempt of court because of his failure to comply with the order of the court requiring him to pay her ten dollars a week for support and maintenance, and alleging further that she was in necessitous circumstances. At the time this petition was filed the indictment charging relator with desertion was still pending in the 37th District Court. After due notice a hearing was had. Relator defended on the ground that he had secured a divorce in the Mexican court. It was conceded that his wife was in necessitous circumstances, and that he was able to make the payments required by the order of the court. The court entered an order adjudging relator to be in contempt of court, and providing that he should be committed to jail until he had purged himself by paying $270 in cash into the registry of the court, for the benefit of his wife, that being the aggregate amount due her at the time the order was entered.

Relator's chief contention is that the court was without power to enter the order adjudging him to be in contempt for the reason that he had been awarded a decree of divorce. He further contends that the court had no power to enter said order because of the fact that he had appealed from the decree of the 73rd District Court, holding the Mexican divorce decree void. Art. 604, P. C., as amended, reads as follows: "The court during its term, or Judge thereof in vacation after the filing of complaint against or after the return of indictment of any person for the crime of wife, or of child, or of wife and child desertion shall upon application of the complainant give notice to the defendant of such application and may upon hearing thereof enter such temporary orders as may seem just, providing for the support of deserted wives and children or both, pendente lite, and may punish for the violation or refusal to obey such order as for contempt."

Art. 4637, Revised Civil Statutes, 1925, reads as follows: "If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may, either in term time, or in

vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case."

In construing the article last quoted the civil courts have held that the allowance of alimony by the district court pending appeal is proper, whether the divorce shall have been granted or denied by the trial court. Further, it is held that the trial court has the power to enforce payment pending appeal. Williams v. Williams, 125 S. W., 937; Ex parte Lohmuller, 103 Texas, 474, 129 S. W., 834. We quote from 15 Texas Jur. (sec. 147) as follows: "The same reason for an allowance of alimony exists after a judgment by the district court from which an appeal has been taken as before the rendition of the judgment; the wife's helplessness and necessities are just as apparent pending the appeal as during the trial. So long as the appeal is pending the suit is pending; and the occasion specified in the statutes for the allowance of alimony continues until the pronouncement of the decree that puts an end to the case. The term 'final decree' used in the statute does not mean a decree of the district court from which an appeal has been perfected; in such a case the decree is not final nor effective until affirmed by the appellate court."

In Ex parte Lohmuller, supra, Justice Williams used language as follows: "The statute concerning divorces empowers 'the judge,' either in term time or vacation, to allow a wife who has not sufficient income for her maintence, 'during the pendency of the suit for divorce,' a sum for her support 'until a final decree shall be made in the case.' Rev. St. art. 2986. This is a power incidental to the jurisdiction over the suit for divorce in the exercise of which it becomes the duty of the court to see to the proper support and maintenance of the wife until it can be determined in the course of the proceeding "whether or not she is to remain a wife. The full accomplishment of the purpose for which the power is granted requires that it last as long as the occasion for its exercise shall last, that is, 'during the pendency of the suit,' and hence the 'final decree'—that is, to put an end to the power— is that 'made in the case' (not necessarily that made by the district judge or the district court). The decree of the trial court granting or denying the divorce may be the final decree of that court, but it is not the final decree 'made in the case' when an appeal is taken to another tribunal. So long as the appeal is pending the suit is pending, and the occasion specified in the statute for the allowance of alimony continues, and it does not end until that

decree is pronounced which puts an end to the case. The nature of the power is such as to make it incompatible with the notion that it can no longer be exercised after the district court has rendered a judgment for divorce and has adjourned, although an appeal has been taken. The facts remain that the case is still pending, and no final decree has been made in it, and that the wife is still in need of the provision as fully as she was before the judgment; and these are all the facts which the statute requires to make it the duty of 'the judge' to exercise the power."

If the nature of the power to require the payment of alimony is such as to make it incompatible with the notion that it can no longer be exercised after the district court has rendered a judgment of divorce which has been appealed from, it would seem to follow that relator's action in appealing from the order of the 73rd District Court holding the Mexican divorce void should not be held to affect the power of the 37th District Court to enforce compliance with the order entered in the desertion case. In many jurisdictions provisions have been made for periodical payments to the wife by the husband when he is criminally charged with the offense of desertion and nonsupport. Touching the effect of divorce proceedings instituted after the entry of the order in the criminal case, we quote from 30 C. J., page 1116, as follows: "The order is not affected by pendency of an appeal by the husband in an action for separation from bed and board." In support of the text, State v. Baurens, 41 Sou, 442, is cited. In the present case the helplessness and necessities of relator's wife are just as apparent pending the appeal in the proceeding in which the divorce was held void as prior to the entry of the Mexican divorce decree. We are constrained to hold that the judgment of contempt was properly entered.

Respondent's motion for rehearing is granted; the judgment discharging relator is set aside, and relator is remanded.

*Respondent's motion for rehearing granted and relator remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing relator seems to labor under a misapprehension as to the contents of a stated agreement made in the presence of Judge Howard of

the 37th District Court of San Antonio, between relator's counsel and the State's attorney. It is therein merely stated that relator had been advised by his counsel of certain facts pertaining to the decree entered by a court in Mexico, and as to the jurisdiction of said court to enter such decree. It was not agreed that the Mexican court had power and jurisdiction to enter a decree of divorce between relator and his wife, both of whom were citizens of the United States and of the State of Texas at the time of such judgment entry; but it was merely stated in the agreement that relator's counsel *had advised him* that such were the facts, and,—as later appears in the judgment entered by Juge Howard,—he then held relator not in wilful contempt because of the fact that his attorney had given such information, but did also hold the Mexican court without power to enter such judgment of divorce, and that its such decree was void, and that relator was in all things bound by the order theretofore entered directing him to pay to his wife money to enable her to relieve against destitution at the time of his alleged desertion of her.

We are not particularly concerned about whether a suit brought in a proper court where both parties litigant admittedly live and were living at the time some character of judgment was entered in a court of a foreign country,—should be called a suit to set aside a final judgment or not; but we strongly incline to the view that such suit was more for the purpose of obtaining a judicial determination by a court of unquestioned jurisdiction, in effect, that no court of a foreign country could extend its jurisdiction into this State and try and determine matters as vital as the breaking up of martial vows, when neither party has removed from the jurisdiction of the domestic courts, or pretend even to have acquired residence or domicile elsewhere. To play upon the word "final" in such case as related to the judgment of the foreign country, or withhold action or judgment in the proper courts of this country, would seem a miscarriage of justice. We are cited to no authority by relator in support of his contentions. Not being able to agree with any of same, the motion for rehearing will be overruled.

*Overruled.*