### HARBISON v. McMURRAY et al.
#### No. 3843.
Court of Civil Appeals of Texas. El Paso.
Sept. 28, 1939.

Rehearing Denied Nov. 2, 1939.

McEntire & Shank and Eckford & McMahon, all of Dallas, for appellant.

Wilbur T. Knape, of Longview, for appellees.

WALTHALL, Justice.

The statement of the nature and result of the suit appearing in appellant's brief is stated in substance here and adopted by this Court as a sufficient statement of the nature and result of the suit.

This is an appeal from an order of the Fourth Judicial District Court of Rusk County, Texas, entered in a habeas corpus proceeding remanding relator B. G. Harbison to the custody of W. L. McMurray, Sheriff of Rusk County.

B. G. Harbison was fined and ordered placed in jail by G. S. Jones, a Notary Public of Rusk County, Texas, on the 7th day of June, A.D. 1938. Said Jones fined the said Harbison $100 and sentenced him to jail because the said Harbison declined to testify by deposition before said Notary.

■ A habeas corpus proceeding before the district court to free one from imprisonment and fine imposed by a notary public holding a commission from said court to take a deposition of a witness for refusal to answer questions propounded by the notary to the witness in a civil case, is not a civil case over which the Court of Civil Appeals has appellate jurisdiction. The order of the District Court remanding the applicant to custody of the sheriff is likewise not an order in a civil case over which this Court has appellate jurisdiction. Article 5, Section 6, Constitution, Vernon's Ann.St.; Article 1819, Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 1819; Article 2249, Revised Statutes, 1925, Vernon's Ann.Civ.St. art. 2249; Beverly v. Roberts et al., Tex.Civ.App., 215 S.W. 975; Hudgens v. Yancey, Tex.Civ.App., 284 S. W. 347.

It may be that the Supreme Court would have, by virtue of Article 1737, Vernon's Ann.Civ.Stats., jurisdiction to grant relief by the way of habeas corpus. See Ex

parte Wolf, 116 Tex.Cr.R. 127, 34 S.W.2d 277.

The Supreme Court has frequently exercised the jurisdiction conferred by Article 1737 to review orders of the district court in contempt cases which grew out of proceedings incident to a civil suit. Ex parte Scott, Tex.Sup., 123 S.W.2d 306.

In any event, no such authority is conferred upon this Court.

It is, therefore, ordered that this cause be dismissed for want of jurisdiction.