HARBISON v. McMURRAY et al.

No. 3843.

Court of Civil Appeals of Texas. El Paso.

March 26, 1942.

Paul T. McMahon, McEntire & Shank, and Eckford & McMahon, all of Dallas, for appellant.

Wilbur T. Knape, of Dallas, for appellees.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Rusk County, Fourth Judicial District. In a habeas corpus proceeding begun ex parte by appellant, B. G. Harbison, to secure his release from alleged illegal confinement and restraint under a commitment for contempt issued by a notary public, the District Court denied him any relief and remanded him to the custody of the sheriff, appellee W. L. McMurray. On a former hearing the appeal was dismissed on the ground that this court had no jurisdiction (132 S.W.2d 916). On application of B. G. Harbison writ of error was granted by the Supreme Court, and judgment there rendered reversing the judgment of this court and remanding the cause for decision on its merits. Harbison v. McMurray, Tex.Sup., 158 S.W.2d 284. A more complete statement of the nature of the suit will be found in the opinion of the Supreme Court.

It appears from the record that the commitment was issued on the mere verbal order of the notary. Under Articles 3748 and 3757, R.C.S., the power of a notary public to "fine and imprison" is to be exercised "in like manner as the district and county courts are empowered to do in like cases." In this State it has been uniformly held by our Court of Criminal Appeals that a district judge has no authority to commit a person for contempt on a mere verbal order. Ex parte Kearby, 35 Tex.Cr.R. 531, 34 S.W. 635; Id., 35 Tex.Cr.R. 634, 34 S.W. 962; Ex parte Andrews, 51 Tex.Cr.R. 79, 80, 100 S.W. 376; Ex parte Alderete, 83 Tex.Cr.R. 358, 203 S.W. 763; Ex parte Ray, 101 Tex.Cr.R. 432, 276 S.W. 709; Ex parte McGraw, 102 Tex. Cr.R. 105, 277 S.W. 699; Ex parte Eager, 128 Tex.Cr.R. 97, 79 S.W.2d 136.

A fortiori a notary public has no such authority.

If the writ of commitment which was signed by the notary can be considered as a written order, yet, we think, it is insufficient to show jurisdiction to punish for contempt. It is definitely settled that on habeas corpus proceedings the inquiry is

limited to the question of jurisdiction. Ex parte Lipscomb, 111 Tex. 409, 239 S.W. 1101. The writ of commitment signed by the notary is as follows:

"The State of Texas, to the Sheriff or any Constable of Rusk County—Greeting:

"You are hereby commanded that you take into custody, and commit to the jail of your county, B. G. Harbison, the witness, who has this day been by me adjudged guilty of contempt, for refusing to answer certain interrogatories propounded to him at the Court House of Rusk County, Texas, in the City of Henderson, Texas, while acting under and by virtue of a commission issued out of the 4th Judicial District Court of Rusk County, Texas, in a certain cause therein pending, wherein J. L. York, W. L. Hankins, W. M. Thompson, Walter Harris, L. B. Smith et ux, L. B. Smith et ux, L. B. Smith et ux, Elton Deas and Mrs. Mamie Roberts are plaintiffs, and Parade Gasoline Company, Inc., et al, are defendants, said deposition being taken by me under and by virtue of commission and I have fixed the punishment of the said witness at a fine of $100.00 dollars and the costs in this behalf expended, and imprisonment until such time as said witness shall have purged himself of said contempt by consenting to give his true answers to the said interrogatories. And you him safely keep until such fine and costs have been paid, and until he is legally discharged by me.

"Given under my hand and notarial seal, this the 7th day of June, A.D. 1938.

G. S. Jones,
"Seal. Notary Public, Rusk County, Texas."

What interrogatories appellant refused to answer are not disclosed by the writ, nor are they to be found in the record.

The legality of the commitment depends on whether the notary had the power or jurisdiction to ask the questions and compel appellant to answer them. Holman v. Mayor of Austin, 34 Tex. 668 (refusal to testify as to transactions with an inmate of a certain house which were calculated to convince witness it was a house of prostitution); Ex parte Henry, 132 Tex. 575, 126 S.W.2d 1 (refusal to testify as to how witness voted at a municipal election); 9 Tex.Jur. p. 605, sec. 19.

The record fails to show affirmatively any facts by which this court can determine that the notary had such power. We think such affirmative showing is essential to sustain appellant's incarceration for contempt. Ex parte McGraw, supra.

The judgment of the District Court is reversed and appellant ordered discharged from the custody of the sheriff.

This opinion directed to be written and is adopted by the court.