### Ex parte Jerri SPENCER, Relator.

### No. 8232.

Court of Civil Appeals of Texas,
Texarkana.

April 9, 1974.

Bill Glaspy, Mesquite, Louis J. Raffaelli, Raffaelli & Hawkins, Texarkana, for appellant.

Lynn Cooksey, Crim. Dist. Atty., James N. Haltom, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellee.

RAY, Justice.

This is an original habeas corpus proceeding brought pursuant to Art. 1824a, Vernon's Annotated Civil Statutes, in which relator, Jerri Spencer, seeks release from the custody of the Sheriff of Bowie County, Texas. Contemporaneously with the granting of the writ of habeas corpus, we ordered relator released on bail pending determination of this proceeding.

Relator was apparently held in constructive contempt of the 202nd Judicial District Court on March 22, 1974, for violating a previous judgment of that court ordering relator not to take her children from either Bowie County, Texas, or Miller County, Arkansas, for a period of time to exceed ten days without the express written permission of her former husband, Daniel Curtis. By verbal order of the court, relator was confined to jail until such time as relator returned her children from Dallas County to Bowie County.

The law is so well settled in this state that it hardly needs citation, that a written order of commitment is an essential prerequisite to the imprisonment of a person for contempt, when the contemptuous act is committed outside the presence of the court in a situation such as exists in this case. In Ex Parte Martinex, 160 Tex. 328, 331 S.W.2d 209 (1960), Justice Greenhill stated for the court: "It is well settled by the decisions of this Court, as well as those of the Court of Criminal Appeals, that a person may not be imprisoned for contempt without a written order of commitment. Ex Parte Puckitt, Tex. [159 Tex. 438] 322 S.W.2d 597; Ex Parte Arapis, 157 Tex. 627, 306 S.W.2d 884; Ex Parte Smart, 152 Tex. 229, 256 S.W.2d 398; Ex Parte Palmateer, 150 Tex. 510, 243 S.W.2d 160; Ex Parte Eager, 128 Tex.Cr.R. 97, 79 S.W.2d 136; Ex Parte

Ray, 101 Tex.Cr.R. 432, 276 S.W. 709; Ex Parte Alderete, 83 Tex.Cr.R. 358, 203 S.W. 763." For a thorough discussion of these cases see 1 St. Mary's Law Journal 1, (Spring, 1969), Habeas Corpus Proceedings in the Supreme Court of Texas, by Justice Joe Greenhill and Martin D. Beirne, Jr. Also, see 6 Texas Practice 431, Sec. 581, Contempt—Judgments and Enforcement.

The record before us fails to show a written order of commitment issued by the District Court on March 22, 1974, the date that relator was confined to jail and the same day that we granted the writ of habeas corpus and ordered relator released on bail pending a hearing on the merits. An examination of the transcript reveals that the Judge of the 202nd District Court signed a judgment of contempt on March 29, 1974, which was filed by the Clerk on April 1, 1974, some ten days after relator had been verbally ordered confined. The order of commitment was also filed on April 1, 1974, which was just one day prior to the hearing on the merits of the writ of habeas corpus in this court.

■ The application for writ of habeas corpus may commence the moment a party is illegally restrained, though the court may have contemnor detained by the sheriff or other peace officer for the short period of time it takes to prepare the judgment of contempt and order of commitment. The writ of habeas corpus is a prerogative writ designed to protect the individual against any character of illegal restraint and as such is regarded as the bulwark of human liberty. The writ is one of right designed to obtain a speedy adjudication of a prisoner's right to release from an illegal imprisonment. The trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and thereafter take its good time in entering the contempt judgment and commitment order. Neither does the sheriff nor any other peace officer have the right to confine such person without a written commitment under the circumstances here presented. "A 'commitment' is a warrant, order or process by which a court or magistrate directs a ministerial officer to take a person to jail or to prison and to detain him there. * * * An arrest without a written commitment made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved." Ex Parte Puckitt, supra.

■ Once the writ of habeas corpus was granted by this court and delivered to the restraining officer, the applicant was no longer held under the original commitment, but under the direction and authority of this court or the judge issuing the writ. Thereafter, no valid order could be entered in the matter by the court making the original commitment, since this court had obtained jurisdiction of the prisoner by proceedings in habeas corpus. The court which committed relator to prison for contempt by *verbal* order, could not after her release on bail in the habeas corpus proceedings and pending such proceedings in this court, require relator to purge herself of the contempt by a subsequently entered *written* order or judgment. To hold otherwise would allow the trial court to place a person in jail indefinitely without any method for the prisoner to obtain his release by purging himself of the contempt, and perhaps, without knowledge of why he was being held in contempt. Such proceedings would be in violation of due process. See Ex Parte Kearby, 35 Tex.Cr.R. 634, 34 S.W. 962 (1896).

The relator is ordered discharged and she and her sureties are discharged from obligation under her bail bond.