**Ex parte Melvin Harold HAWKINS.**

No. 8462.

Court of Civil Appeals of Texas, Texarkana.

Jan. 11, 1977.

Patricia H. Florence, Florence & Florence, Hughes Springs, for appellant.

J. Michael Smith, Gilmer, for appellee.

CORNELIUS, Justice.

This is an original habeas corpus proceeding instituted by relator, Melvin Harold Hawkins, pursuant to Tex.Rev.Civ.Stat. Ann. art. 1824a (Supp.1976), seeking release from custody of the sheriff of Upshur County.

Relator alleged that he was arrested and confined to the Upshur County Jail by the sheriff pursuant to a purported judgment of contempt issued by the 115th Judicial District Court on motion of relator's former wife. The contempt proceeding arose from relator's alleged failure to comply with a child support order entered by the same court in a divorce proceeding.

Relator raises several serious questions concerning the validity of the proceedings leading to his confinement, but it is not necessary that we consider those questions because the transcript on appeal reveals that no written judgment of contempt or commitment has been filed in the proceedings. The proof of restraint submitted by relator contains a statement by Sheriff Johnson that he arrested and confined relator by virtue of written judgment and commitment of the 115th Judicial District Court dated October 19, 1976, but the official transcript shows no such judgment or commitment. Indeed, on December 9, 1976, one day after completion and certification of the transcript, the County Clerk of Upshur County certified that no judgment of contempt had yet been entered.

It has long been settled in Texas that unless the contemptuous conduct is committed in the presence of the court, no person may be imprisoned for contempt unless at the very time he is so committed the proper judgment of contempt is reduced to writing and *made a matter of record in that court,* and a writ of commitment is issued for the purpose of his detention. *Ex Parte Kearby,* 35 Tex.Cr.R. 531, 34 S.W. 635 (1896); *Ex Parte Ray,* 101 Tex.Cr.R. 432, 276 S.W. 709 (1925); *Ex Parte Eager,* 128 Tex.Cr.R. 97, 79 S.W.2d 136 (1935). Nor, unless such steps are taken, is it competent for any court after a party detained has sued out a writ of habeas corpus, to then make its judgment and have same entered, and in that manner supersede the jurisdiction of the court granting the writ. *Ex Parte Kearby,* supra. The above cited cases have been approved and followed many times by our Supreme Court as well as by this Court. *Ex Parte Martinez,* 160 Tex. 328, 331 S.W.2d 209 (1960); *Ex Parte Puckitt,* 159 Tex. 438, 322 S.W.2d 597 (1959); *Ex Parte Palmateer,* 150 Tex. 510, 243 S.W.2d 160 (1951); *Ex Parte Spencer,* 508 S.W.2d 698 (Tex.Civ.App. Texarkana 1974, no writ).

The transcript before us certifies that it contains a true and correct copy of all proceedings in the cause. As that record shows there is no written judgment of contempt or commitment, relator's restraint is unlawful. Relator is therefore discharged.