**Ex parte James Randel PERRY.**

**No. 1725.**

Court of Civil Appeals of Texas, Corpus Christi.

May 8, 1980.

B. Mills Latham, Law Offices of Latham & Patterson, Corpus Christi, for appellant.

Milton W. Walton, Portland, for appellee.

## OPINION AND ORDER

NYE, Chief Justice.

This is an original habeas corpus proceeding filed in this Court by Relator, James Randel Perry, pursuant to Tex.Rev.Civ. Stat.Ann. art. 1824a (Supp.1980), seeking release from the custody of the sheriff of Nueces County, Texas.

Relator alleged that he was placed in the custody of the sheriff without a written commitment order and without a written judgment of contempt, but pursuant to an oral judgment of contempt on May 1, 1980, rendered by the 214th District Court of Nueces County. The contempt proceeding arose from Relator's alleged failure to comply with a child support order entered by the same court in a divorce proceeding.

On May 7, 1980, Relator filed a motion for leave to file a petition for writ of habeas corpus. The petition, transcript, verification of Relator's confinement and authorities in support of the motion were received, pending a ruling on the motion. We ordered a hearing to be held at 9:00 a. m. on May 8, 1980, and requested that opposing counsel be notified.

Just prior to the hearing, the record was supplemented by an affidavit of the District Clerk verifying the lack of a written order and a certified copy of the docket sheet. The affidavit was signed at 8:39 a. m. on May 8, 1980. At the time of the hearing, opposing counsel representing Relator's former wife presented certified copies of a written contempt order and a written commitment order which had been signed by the trial judge shortly before 9:00 a. m. the same day.

The issues to be resolved are whether the oral order committing Relator to jail is void, and whether the orders signed by the trial judge on May 8, 1980, make the commitment proper.

The oral order is void because an individual cannot be committed for constructive contempt without a written order. *Ex parte Martinez*, 160 Tex. 328, 331 S.W.2d 209 (1960), and cases cited therein; *Ex parte Pruske*, 575 S.W.2d 417 (Tex.Civ.App. —Austin 1978, no writ); *Ex parte Spencer*, 508 S.W.2d 698 (Tex.Civ.App.—Texarkana 1974, no writ).

The written orders signed May 8, 1980, do not operate to validate the void oral order of commitment. The permissible extent of a short detention during which the written order is prepared and signed is not before us because, in this case, there was a seven day delay between the oral and written orders of commitment. The written order of commitment is an essential prerequisite to the imprisonment of a person for contempt. The written orders therefore have no effect. *Ex parte Pruske*, supra; *Ex parte Hawkins*, 545 S.W.2d 599 (Tex.Civ.App.—Texarkana 1977, no writ); *Ex parte Spencer*, supra.

The writ is granted and the Relator is ordered discharged.