Ex parte Clotilde JACOBS, Relator.

No. 13753.

Court of Appeals of Texas, Austin.

June 30, 1982.

 

Maria S. Otto, Austin, for appellant.

Werner Jeanne Meurer, Cedar Creek, Domestic Relations, for appellee.

SHANNON, Justice.

This is an original habeas corpus proceeding filed in this Court by relator Clotilde Jacobs, in which she seeks her discharge from custody of the sheriff of Travis County. Upon presentation of relator's application, this Court directed issuance of the writ and relator's release on bond.

This application for writ of habeas corpus stems from a contempt proceeding which was initiated after relator allegedly failed to comply with orders of the court directing her to make child support payments. It appears from the papers filed in this Court, and all parties agree, that relator was placed in the custody of the sheriff pursuant to a judgment of contempt of the district court of Travis County which was not signed or dated. That judgment assessed relator's punishment at thirty days in the Travis County jail. Pursuant to the unsigned judgment, a deputy district clerk signed a writ entitled "Commitment" which authorized relator's placement in jail on June 11, 1982.

Unless the contumacious conduct is committed in the presence of the court, no person may be imprisoned for contempt unless pursuant to a written judgment of contempt. *Ex parte Martinez*, 160 Tex. 328, 331 S.W.2d 209 (1960). The judgment of contempt here concerned was not signed or dated. An unsigned judgment of contempt is, of course, no more than an oral judgment. An oral judgment of contempt cannot form the basis for a valid commitment. *Ex parte Pruske*, 575 S.W.2d 417 (Tex.Civ. App.1978, no writ).

On June 15, 1982, four days after relator's commitment to jail and release by this Court on bail, the district judge signed a written judgment of contempt. After relator's release by this Court on bail and during the course of the habeas corpus proceedings, the district court may not sign a written judgment of contempt thereby validating the void oral judgment. *Ex parte Pruske, supra; Ex parte Hawkins*, 545 S.W.2d 599 (Tex.Civ.App.1977, no writ); *Ex parte Spencer*, 508 S.W.2d 698 (Tex.Civ. App.1974, no writ).

The relator is ordered discharged.