free 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-383-CV





EX PARTE: RICHARD G. FREEMAN, RELATOR



 

 


 




HABEAS CORPUS PROCEEDING FROM HAYS COUNTY



 





 This is an original habeas corpus proceeding filed in this Court, pursuant to 1991
Tex. Sess. Law Serv., ch. 58, § 1, at 491, (to be codified at Tex. Gov't Code Ann. § 22.221(d))
and Tex. R. App. P. Ann. 120 (Pamph. 1991), by which Relator Richard G. Freeman seeks
discharge from the custody of the Hays County sheriff. Relator was confined in jail pursuant to
a "Hays County Sheriff Department Commitment Request" dated September 3, 1991. This Court
granted Relator's petition for writ of habeas corpus and directed issuance of the writ and Relator's
release on bond.

 Relator and Judith Martinez (formerly known as Judith Freeman) were divorced
on March 16, 1988, by a decree of dissolution of marriage rendered by the superior court of
Maricopa County, Arizona. In pertinent part, the marital settlement agreement, incorporated into
the decree, required Relator to pay the sum of $627 per month for the support of the parties' two
children who lived with Martinez. On July 19, 1991, in the district court of Hays County,
Martinez filed a motion for enforcement of child-support order and order to appear by contempt,
to confirm arrearage and render judgment, to withhold from earnings or for security, and with
request for production. Martinez alleged that Relator had failed to make support payments in the
amount of $19,463.50 during the period from March 15, 1988, through July 15, 1991. Relator
filed his original answer to the motion on August 19, 1991.

 The matter was set for hearing in the district court on September 3; Relator does
not indicate whether a hearing was held or whether he appeared. A commitment request was
issued on September 3, 1991, directing the sheriff to confine Relator for a period of ten days. In
an affidavit dated September 6, 1991, the jail administrator for Hays County stated that Relator
was in the sheriff's custody. See Rule 120(b)(6). Relator filed his application for a writ with this
Court on September 6, 1991. However, no written judgment of contempt was signed until
September 13, 1991, seven days after Relator filed his application for writ of habeas corpus and
ten days after his initial confinement. We granted the writ and ordered Relator released on bond
pending our decision in the case. Relator asserts that he is unlawfully restrained because he was
not confined pursuant to a written order of contempt.

 Unless the contumacy is committed in the presence of the court, no person may be
imprisoned for contempt except pursuant to a written order. "It is well-settled that to satisfy due
process requirements, both a written judgment of contempt and a written commitment order are
necessary to imprison a person for civil constructive contempt of court." Ex parte Barnett, 600
S.W.2d 252, 256 (Tex. 1980, orig. proceeding); see also Ex parte Jacobs, 636 S.W.2d 20 (Tex.
App. 1982, orig. proceeding); Ex parte Linder, 783 S.W.2d 754, 756-57 (Tex. App. 1990, orig.
proceeding). After a Relator's release by an appellate court on bail and during the course of the
habeas corpus proceedings, a trial court may not enter a written order to cure the lack of an order
at the time of commitment. Barnett, 600 S.W.2d at 256-57; Jacobs, 636 S.W.2d at 21; cf. Ex
parte Calvillo Amaya, 748 S.W.2d 224 (Tex. 1988, orig. proceeding). The trial court must sign
a written order of contempt at or within a reasonable time of Relator's confinement. When this
Court granted the writ of habeas corpus and released Relator on bond, our jurisdiction over the
Relator attached, to the exclusion of the committing court. The committing court lost its
jurisdiction to enter a written judgment of contempt on September 6, 1991, the day this Court
granted the writ. Barnett, 600 S.W.2d at 256; See also Ex Parte Hawkins, 545 S.W.2d 599, 600
(Tex. Civ. App. 1974, no writ).

 In his petition for writ of habeas corpus and brief in support thereof, Relator makes
numerous other arguments which we need not address.

 The Relator is ordered discharged.


 

 Bea Ann Smith, Justice

[Before Justices Powers, Jones and B. A. Smith]

Relator Ordered Discharged

Filed: September 25, 1991

[Do Not Publish]